**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

────────────

**No. 21-2279**

────────────

ANTHONY JAMES BRAXTON,

        Plaintiff - Appellant,

      v.

LARRY E. HARRAH, Fayette County Prosecutor, in his Personal and Job Capacity; BRIAN PARSONS, Fayette County Prosecutor, in his Personal and Job Capacity; W. R. CALLISON, Drug Unit Member, in his personal capacity; DETECTIVE C. A. YOUNG, Oak Hill City Police Officer, in his Personal Capacity,

        Defendants - Appellees,

WEST VIRGINIA STATE POLICE, in their official capacity; CENTRAL WEST VIRGINIA DRUG TASK FORCE CORPORATION; LEONARD BRICKFORD, Fayette County Magistrate, in his Personal and Job Capacity; MIKE FRIDLEY, Fayette County Sheriff, in his Personal and Job Capacity; STEVE KESSLER, (Estate), former Sheriff of Fayette County, in his personal and Job Capacity; OAK HILL CITY POLICE DEPARTMENT, in its official capacity; FAYETTE COUNTY COMMISSION; FAYETTEVILLE CITY POLICE DEPARTMENT; CITY OF OAK HILL, WEST VIRGINIA, in their Official Capacity; CITY OF FAYETTEVILLE, WEST VIRGINIA, in their Official Capacity; MOUNT HOPE CITY POLICE DEPARTMENT, in their Official Capacity; CITY OF MOUNT HOPE, in their Official Capacity; ANSTED CITY POLICE DEPARTMENT, in their Official Capacity; CITY OF ANSTED, in their official capacity; GAULEY BRIDGE CITY POLICE DEPARTMENT, in their Official Capacity; CITY OF GAULEY BRIDGE, in their Official Capacity; NICHOLAS COUNTY COMMISSION, in their Official Capacity; NICHOLAS COUNTY SHERIFF DEPARTMENT, in their official capacity; SUMMERSVILLE CITY POLICE DEPARTMENT, in their official capacity; CITY OF SUMMERSVILLE, WEST VIRGINIA, in their official capacity; RICHWOOD CITY POLICE DEPARTMENT, in their official capacity; CITY OF RICHWOOD, in their official capacity; CLAY COUNTY COMMISSION, in their official capacity; CLAY COUNTY SHERIFF DEPARTMENT, the Police in their Official Capacity;

WEBSTER COUNTY COMMISSION, in their official capacity; WEBSTER COUNTY SHERIFF DEPARTMENT, in their Official Capacity; CITY OF WEBSTER SPRING, WEST VIRGINIA, in their Official Capacity; WEBSTER SPRING CITY POLICE DEPARTMENT, in their Official Capacity; CITY OF COWEN, WEST VIRGINIA; POCAHONTAS COUNTY COMMISSION, in their official capacity; POCAHONTAS COUNTY SHERIFF DEPARTMENT, in their Official Capacity; MARLINTON CITY POLICE DEPARTMENT, in their official capacity; CITY OF MARLINTON, WEST VIRGINIA, in their official capacity,

        Defendants.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Thomas E. Johnston, Chief District Judge.  (2:18-cv-00585)

---

Submitted:  May 22, 2023                         Decided:  June 7, 2023

---

Before NIEMEYER and HEYTENS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Anthony James Braxton, Appellant Pro Se.  John P. Fuller, Adam Ketner Strider, BAILEY & WYANT, PLLC, Charleston, West Virginia; Jared Coy Underwood, Chip Edward Williams, PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC, Charleston, West Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

Anthony James Braxton appeals the district court's orders accepting the recommendations of the magistrate judge, denying relief on Braxton's 42 U.S.C. § 1983 complaint, and denying his motions.[*] We have reviewed the record and find no reversible error. Accordingly, we deny the pending motions and affirm the district court's orders. *See Braxton v. Harrah*, No. 2:18-cv-00585 (S.D.W. Va. Oct. 15, 2021; Aug. 12, 2021; Mar. 27, 2020). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Appellees have moved to dismiss part of the appeal as untimely filed. (ECF Nos. 12, 18). Braxton opposes the motion. (ECF No. 21). Appellees contend the district court's August 12, 2021, order granting summary judgment to some Defendants and referring the case to the magistrate judge for any remaining proceedings was a final order; and Braxton's notice of appeal filed on November 10, 2021, was untimely filed as to that order. Appellees do not dispute that the notice of appeal was timely filed as to the October 15, 2021, order denying Braxton's pending motions and dismissing the action with prejudice. But, even assuming the August 12, 2021, order was a final order, it was not set forth on a separate document; and the time to appeal did not begin to run. *See* Fed. R. App. P. 4(a)(7)(A)(ii).